UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CRIMINAL ACTION NO. 19-258-DLB-EBA

MARLON JERMAINE JOHNSON                                                  PLAINTIFF

v.                     **MEMORANDUM ORDER
                ADOPTING REPORT AND RECOMMENDATION**

SERGEANT CATHERS                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the July 29, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Edward B. Atkins (Doc. # 93), wherein he recommends that the Court grant Defendant Sergeant Cathers' Motion for Summary Judgment (Doc. # 78). Plaintiff Marlon Jermaine Johnson having filed Objections, (Docs. # 96 and 98), to which Defendant responded, (Doc. # 97), the R&R is ripe for the Court's consideration. For the reasons that follow, the R&R is **adopted** as the opinion of the Court, and the Motion for Summary Judgment is **granted**.

I.     FACTUAL BACKGROUND

Plaintiff Johnson alleges that violations of his Eighth Amendment rights occurred during his pretrial incarceration at the Laurel County Detention Center ("LCDC"), where Defendant Cathers was employed as a sergeant. (*See generally* Doc. # 7). First, Johnson alleges he was placed in a restraint chair following a racial dispute with another inmate and that Cathers called him a "dumb ass," or some other derogatory name during this time. (*Id.* at 4); (Docs. # 78-2 at 16 and 78-3 at 3). Johnson was eventually moved

1

from the restraint chair to a maximum-security unit where he went on a hunger strike. (Doc. # 7 at 4). After stating his intent to commit suicide, he was moved to a suicide tank. (*Id.* at 5). From December 10, 2018, through December 13, 2018, Johnson alleges that he was harassed by Cathers and other staff. (Docs. # 7 at 5 and 78-2 at 4). Among Johnson's allegations are claims that Cathers turned off the suicide tank's water, that the temperature in the tank had risen, and that his shoes were confiscated. (Docs. # 7 at 5 and 78-1 at 2).

Originally, Johnson brought this lawsuit against several LCDC officials, but those claims were dismissed in this Court's March 20, 2020 Order. (Doc. # 12). Cathers is the sole remaining defendant.

## II. REPORT AND RECOMMENDATION

In his R&R, Magistrate Judge Atkins recommended that Defendant's Motion for Summary Judgment should be granted. (Doc. # 93).

Judge Atkins began with the standard for qualified immunity, since Cathers argued the doctrine barred all of Johnson's Eighth Amendment Claims. (*Id.* at 5). Johnson is required to show (1) allegations or facts establishing the violation of a constitutional right and (2) the right at issue was "clearly established" at the time of the alleged misconduct. (*Id.*) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Judge Atkins further explained that Johnson's claims are actually Fourteenth Amendment claims because the Eighth Amendment does not apply to pretrial detainees, but the same rubric applies in both situations. (*Id.*) (citations omitted).

Judge Atkins outlined that for Johnson to show that a constitutional violation occurred, he would have to establish an objective and subjective component. (*Id.* at 6)

2

(citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  To prove the objective component, Johnson must show that he was subjected to deprivations that were so serious that they denied him the "minimal civilized measure of life's necessities." (*Id.*) (citing *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011)).  The subjective component requires Johnson to prove the prison officials acted with deliberate indifference to his needs.  (*Id.*) (citing *Richmond*, 450 F. App'x at 455) (citations omitted)).

Beginning with Johnson's deprivation of water claim, Judge Atkins found that Johnson failed to establish that this deprivation violated any constitutional right.  (Doc. # 93 at 7).  Because Johnson admitted that he was periodically given access to water, combined with the fact that he was given liquids in his food trays, Judge Atkins reasoned that the deprivation of water was not severe enough to amount to a deprivation of the "minimal civilized measure of life's necessities."  (*Id.*) (citing *Deleon v. Hamilton Cnty. Sherrif's Dep't*, No. 1:12-CV-68, 2012 WL 3116280, at *16 (E.D. Tenn. July 31, 2012)).  Consequently, Judge Atkins found that Cathers was entitled to qualified immunity on this claim.  (Doc. # 93 at 7).

In dealing with Johnson's high temperatures claim, Judge Atkins again found that Johnson had failed to allege the heat level he experienced subjected him to a substantial risk of harm.  (*Id.* at 8).  Judge Atkins found persuasive that Johnson admitted during discovery that he was not injured by the rising temperatures in the tank, along with his deposition statements that he was only sweating for a few minutes because of the heat.  (*Id.* at 8-9).  Because courts have held that much more extreme temperature conditions were still not Eighth Amendment violations, Judge Atkins did not see how Johnson's claim amounted to a constitutional violation.  (*Id.*); *see also Jackson v. Young*, No. 13-3367-

3

SEM-BGC, 2013 WL 6038158, at *2 (C.D. Ill. Nov. 14, 2013) (finding that excessive heat that lasted only ten days was not a constitutional violation); *Wilson v. Timmerman-Cooper*, No. 2:14-cv-539, 2015 WL 457823, at *3-4 (S.D. Ohio Feb. 3, 2015) (finding that 120-degree temperatures over two days were insufficient for a viable Eighth Amendment claim).

Likewise, Judge Atkins proceeded to point out that the confiscation of Johnson's shoes over a few days does not rise to the level of a grave and extreme deprivation necessary to constitute a constitutional violation. (Doc. # 93 at 9) (citing *Bonds v. Lindamood*, No. 1:16-0085, 2018 WL 817229, at *4 (M.D. Tenn. Jan. 16, 2018); *Miller v. Netto*, No. 3:17cv362(KAD), 2019 WL 4646973, at *6 (D. Conn. Sep. 24, 2019)). Again, Judge Atkins found persuasive that Johnson admitted that he suffered no injury because of the confiscation of his shoes. (Doc. # 93 at 9) (citing Doc. # 78-3 at 4).

Regarding the name-calling Johnson experienced while detained, Judge Atkins explained that "verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim." (*Id.* at 10) (quoting *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003)). Accordingly, Judge Atkins found that Cathers was entitled to qualified immunity on this claim as well for lack of a constitutional violation. (Doc. # 93 at 10).

Lastly, Judge Atkins addressed Johnson's arguments related to discovery. However, the only portion of Judge Atkins's analysis that is relevant to Johnson's current objections pertain to the video footage of the events in question. (*See* Docs. # 98 at 6 and 93 at 11-12). This Court granted Johnson's motion to compel the video (Doc. # 82), but LCDC promptly responded that the footage was overwritten months before Johnson

filed his Complaint. (Doc. # 83). Moreover, Judge Atkins pointed out that as far as Johnson requests seek to reopen discovery, those requests should be denied. (Doc. # 93 at 12). Broad discretion allows the Court to decide whether to reopen discovery. *Lowe v. Hamilton Cnty. Job & Fam. Servs.*, No. 1:05-cv-117, 2007 WL 15113823, at *3 (S.D. Ohio May 27, 2007). Several factors are considered when deciding whether to reopen discovery, including whether the movant has demonstrated good cause for reopening discovery and whether the party opposing the motion would be prejudiced. *FedEx Corp. v. United States*, No. 2:08-cv-2423-SHM, 2011 WL 2023297, at *3 (W.D. Tenn. Mar. 28, 2011). Judge Atkins recommended that discovery should not be reopened because Johnson failed to show good cause, he created his own need for additional discovery by failing to procure what he needed during the appropriate period, and he failed to name any specific witnesses, questions, or information he needed to obtain. (Doc. # 93 at 13). Additionally, it would severely prejudice Cathers to allow discovery to reopen as he already filed and briefed his Motion for Summary Judgment. (*Id.*).

For these reasons, Judge Atkins recommended that Cather's Motion for Summary Judgment should be granted. (*Id.* at 14).

III.    **ANALYSIS**

   A.    **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific

5

written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations." *Id.* This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709, (6th Cir. 1997) (unpublished table decision)).

### B. Plaintiff Johnson's Objections

The Court initially notes that all of Johnson's original objections are not specific and he simply "incorporates by reference herein the arguments from [his] prior response briefs." (Doc. # 96 at 2). Objections of this nature generally amount to a failure to object. *Shephard*, 2016 WL 9115464, at *1. However, Johnson makes more specific arguments

6

in his Reply, so this Court will address those objections in its review of Judge Atkins's R&R. (Doc. # 98).

Johnson makes five arguments in his Objections: (1) withholding water from an inmate may rise to the level of an Eighth Amendment violation; (2) subjecting an inmate to excessive heat and humidity can also violate the Eighth Amendment; (3) confiscating an inmate's shoes, in conjunction with the rest of his claims, amount to a lack of sanitary living conditions and personal hygiene that qualify as necessities of life under the Eighth Amendment; (4) name-calling by government officials is uncivilized and indecent, also in violation of the Eighth Amendment; and (5) Johnson has been obstructed from obtaining specific evidence, namely video footage from the jail. (Doc. # 98 at 2-6).

### 1.  **Deprivation of Water**

Johnson initially acknowledges that Judge Atkins is correct in that pointing out that courts have recognized that inmates do not have a constitutional right to have the water turned on in their cell 24 hours a day. (Doc. # 98 at 2). Instead, Johnson argues that withholding water from inmates may certainly rise to the level of an Eighth Amendment violation. (*Id.*) (citing *Williams v. Prisoner Transp. Servs., LLC*, No. 3:19-CV-00599, 2020 WL 7027506, at *11 (M.D. Tenn. Nov. 30, 2020)). Johnson relies on *Dellis v. Corrections Corporation of America*, 257 F.3d 508 (6th Cir. 2001), to argue that his own deprivation of water rose to the level of an Eighth Amendment violation. (Doc. # 98 at 3). In *Dellis*, the Sixth Circuit held that an inmate's deprivation of water for three days, during which he only received two half pints of milk and one sixteen-ounce bottle of water, was sufficient to survive dismissal of the prisoner's Eighth Amendment claim under Federal Rule of Civil Procedure 12(b)(6). 257 F.3d at 512.

7

However, Johnson's circumstances were different, and his own admissions distinguish his case from the authority he relies upon. Judge Atkins rightly points out that Johnson even clarified during his deposition that the nurses told him they turned the water off so they could monitor his intake while he was on suicide watch. (Docs. # 93 at 7 and 78-2 at 3, 12-13). Johnson also admitted that during the three-day period another sergeant allowed him to periodically have access to water, in addition to the liquids given in his food trays. (Doc. # 78-2 at 8, 11). Unlike *Dellis*, Johnson did not solely rely on two half pints of milk and one bottle of water over a three-day period; Johnson was given unrestricted amounts of water, while albeit intermittently, multiple times. (*See id.*); 257 F.3d at 512. Unfortunately for Johnson, temporary deprivation of water does not amount to a constitutional violation. *Deleon*, 2012 WL 3116280, at *16 (holding that a temporary deprivation of water was not a constitutional violation and noting that plaintiff had access to water when another officer temporarily turned it on).

Even more importantly, Johnson still fails to answer the key question: what injury did he suffer because of this temporary deprivation of water? *See Bowman v. Jones*, No. 7:07-cv-00091, 2007 WL 869236, at *4, n.2 (W.D. Va. Mar. 20, 2007) ("To the extent that [plaintiff] claims a constitutional deprivation from having the water off in his cell for a few hours, such claims fail on the ground that [plaintiff] fails to allege any injury whatsoever stemming from this condition."); *Lambright v. Crawford*, No. 1:14-cv-01234-JMS-DKL, 2014 WL 6606633, at *2 (S.D. Ind. Nov. 17, 2014) (noting that prisoner failed to allege injury as a result of temporary water shut off); *Farmer v. Brennan*, 511 U.S. 825 (1994) ("The question under the Eighth Amendment is whether prison officials . . . exposed a prisoner to a sufficiently substantial risk of serious damage to his future health.") (internal

8

quotations omitted). In his Complaint, Johnson only alleges that he suffered general "mental anguish" because of the events that occurred during his confinement and states nothing specific about his deprivation of water. (Doc. # 7 at 8). Accordingly, Judge Atkins was correct to find that the facts regarding the deprivation of water, as alleged, do not rise to a constitutional violation. (Doc. # 93 at 7).

As a result, Johnson's Objection regarding the deprivation of water claim is **overruled**.

### 2. High Temperatures

Johnson takes issue with Judge Atkins's conclusion that "Johnson has simply not alleged that the heat level in the suicide tank subjected him to a substantial risk of harm for any considerable time period." (Doc. # 98 at 3) (quoting Doc. # 93 at 8). Johnson argues that "subjecting prisoners to conditions of excessive heat and humidity deprives them of the minimal civilized measure of life's necessities." (*Id.*) (quoting *Hadix v. Caruso*, 492 F. Supp. 2d 743, 751 (W.D. Mich. 2007)). Johnson relies on several cases to emphasize this point. (*See* Doc. # 98 at 4) (citing *Brock v. Warren Cnty., Tenn.*, 713 F. Supp. 238, 242-43 (E.D. Tenn. 1989) (finding inhumane conditions in violation of Eighth Amendment when the holding cell had virtually no ventilation and the temperature and humidity were extremely high); *Blackmon v. Garza*, 484 F. App'x 866, 869 (6th Cir. 2012) ("Allowing a prisoner to be exposed to extreme temperatures can constitute a violation of the Eighth Amendment."); *Chandler v. Crosby*, 379 F.3d 1278, 1294 (11th Cir. 2004) ("[A] prisoner may state an Eighth Amendment claim by alleging a deficiency as to either condition in isolation or both in combination."); *Ramas v. Lamm*, 639 F.2d 559, 569-70 (10th Cir. 1980) (inadequate ventilation in prison cells and shower areas, which resulted

9

in excessive odors, heat, and humidity were constitutionally impermissible)). However, Johnson misses the point—Judge Atkins agrees that "it is well settled that exposing prisoners to extreme temperatures without adequate ventilation may violate the Eighth Amendment." (Doc. # 93 at 8) (quoting *Walker v. Schult*, 717 F.3d 119, 126 (2nd Cir. 2013)). Judge Atkins simply did not find that Johnson was subjected to a substantial risk of serious harm. (*Id.*).

The only other argument that Johnson makes regarding the temperatures of his cell is that he has a history of mental illness, certain judges are aware of his condition, and that the acts committed by Defendant were detrimental to Johnson's mental health. (Doc. # 98 at 4). Yet, Johnson admitted in during discovery that he "wasn't injured by the temperature rising," so his new Objection to the contrary lacks credibility. (Doc. # 78-3 at 4). Even assuming Johnson suffered an injury, Johnson stated in his deposition that he was sweating for "maybe 10 minutes, 15 minutes," which is insufficient to rise to a constitutional violation. (Doc. # 78-2 at 15); *Wilson*, 2015 WL 457823, at *3-4 (finding that 120-degree temperatures over two days were insufficient for a viable Eighth Amendment claim).

Accordingly, Johnson's Objection regarding the high temperatures claim is **overruled**.

### 3. *Confiscated Shoes*

Johnson agrees with Judge Atkins that courts have held that a lack of shoes for a few days does not rise to the level of grave and extreme deprivation necessary to constitute a constitutional violation. (Doc. # 98 at 4) (citations omitted). Instead, Johnson argues that the combination of Johnson's claims should entitle him to relief. (Doc. # 98

at 4-5) (citing *Gilland v. Owens*, 718 F. Supp. 665, 682 (W.D. Tenn. 1989)). Yet, Johnson again admitted that he "wasn't injured by his shoes being confiscated." (Doc. # 78-3 at 4). Regardless of the combination of claims, if Johnson fails to allege the condition in question posed a serious risk of harm, then Cathers is entitled to qualified immunity. *See Richmond*, 450 F. App'x at 455.

Accordingly, Johnson's Objection regarding his confiscated shoes is **overruled**.

### 4. *Harassment and Verbal Threats*

Johnson contends that the name-calling he experienced by government officials was indecent and uncivilized, which runs afoul of the Eighth Amendment. (Doc. # 98 at 5). Johnson relies on one case to argue that when the staff called him by anything other than his name, they were unprofessional, with the implication that they were acting against "the broad and idealistic concepts of dignity, civilized standards, humanity, and decency." (*Id.*) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). However, *Estelle* has nothing to do with verbal threats, as the prisoner in that case was alleging a lack of medical care. 429 U.S. at 98. Judge Atkins's analysis is still persuasive. The Sixth Circuit has held that "verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim." (Doc. # 93 at 10) (quoting *Violett*, 76 F. App'x at 27). Johnson's unsupported assertions to the contrary are unconvincing.

Accordingly, Johnson's Objection regarding his claim about harassment and verbal threats is **overruled**.

### 5. *Video Footage*

Lastly, Judge Atkins recommends that Johnson be denied the opportunity to reopen discovery because he has failed to show good cause for such an action. (Doc. #

11

93 at 12-13) (citing *FedEx Corp.*, 2011 WL 2023297, at *3). Johnson argues that he has shown good cause to obtain the video footage that LCDC had of the incident. (Doc. # 98 at 6). Johnson further posits that it is questionable why LCDC took so long to respond. (*Id.*). Yet, LCDC responded within a week of the order compelling them to produce the video explaining that the video was deleted after three months. (*See id.*); (Docs. # 82 and 83). This Court has broad discretion over discovery matters, including the ability to reopen discovery. *Lowe*, 2007 WL 1513823, at *3 (citing *York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360, 363 (6th Cir. 1982)). Because Johnson has failed to show any good cause to reopen discovery, his Objection regarding the video footage is **overruled**.

IV. **CONCLUSION**

Ultimately, Plaintiff has failed to raise any meritorious legal objections to Magistrate Judge Atkins's Report and Recommendation. Accordingly, **IT IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 93) is **ADOPTED**;

(2) Plaintiff Johnson's Objections (Doc. # 98) to the Report and Recommendation are **OVERRULED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 78) is granted

(4) This civil action is **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket; and

(5) The Court will enter a corresponding Judgment with this Order.

This 25th day of February, 2022.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\London\2019\19-258 Order Adopting R&R.docx